**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered) |
| LUGANO DIAMONDS & JEWELRY INC.<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Defendant, | Adv. Proc. No. 26-_____ (BLS)<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, LUGANO DIAMONDS & JEWELRY INC. (hereinafter referred to as "Plaintiff" or "LUGANO"), by and through its attorneys, Young Conaway Stargatt & Taylor, LLP, and Brown Law Firm who bring this adversary proceeding (the "Adversary Proceeding") against Defendant and allege as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this Adversary Proceeding for declaratory judgment, breach of contract, and breach of the implied covenant of good faith and fair dealing against its insurance company, TRAVELERS CASUALTY and SURETY COMPANY OF AMERICA (hereinafter referred to as "TRAVELERS" and "Defendant"), for its wrongful and tortious refusal to pay reasonable attorney fees to

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

defend LUGANO and agree to indemnify LUGANO up to the full amount of its policy limits with regard to nearly twenty civil actions pending against LUGANO and an SEC investigation stemming from the alleged wrongful acts of its former CEO Mordechai Ferder ("FERDER"), wrongful acts that were outside the scope of FERDER's authority as CEO and that FERDER concealed from others up until his resignation in May 2025 "ACTIONS AGAINST LUGANO," as more fully described below).

2. TRAVELERS unreasonably refuses: (1) to pay LUGANO's defense counsel a reasonable hourly fee to defend the ACTIONS AGAINST LUGANO; (2) to pay the outstanding defense fees and costs; (3) to agree that certain ACTIONS AGAINST LUGANO are "related"; ( 4) to agree to defend the SEC investigation; and (5) to enter into a reasonable Common Interest and Confidentiality Agreement to protect LUGANO's privileged information.

3. TRAVELERS instead demands that LUGANO enter into an agreement in which the privileged information provided by LUGANO can be used by TRAVELERS against LUGANO in a subsequent coverage action based on TRAVELERS' position that it has no indemnity obligation.

4. TRAVELERS took each and every one of these unreasonable actions in violation of TRAVELERS' duty of the implied covenant of good faith and fair dealing, in its effort to put its financial interest above that of its policyholder, LUGANO.

## THE PARTIES

5. Plaintiff LUGANO is and, at all times relevant herein, was a citizen of the State of California with its principal place of business residing in Newport Beach, California.

6. Defendant TRAVELERS is and, at all times relevant herein, was a citizen of the State of Connecticut with its principal place of business in Hartford Connecticut. TRAVELERS is duly authorized to transact business and transacts business in the State of Delaware.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees and costs.

8. In addition, or in the alternative, this Court has original jurisdiction over this matter because it is related to a bankruptcy case pursuant to 28 U.S.C. §1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

9. This Court has personal jurisdiction over the Defendant because, among other reasons: (1) Defendant is an insurance company authorized to transact business in the State of Delaware; (2) Defendant routinely sells the type of insurance at issue in this action in the State of Delaware; and (3) Defendant's actions have impacted Plaintiff in Delaware.

10. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(a), (b)(2), and (c)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

11. In addition, or in the alternative, venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a) because it is related to a bankruptcy case commenced in this district.

12. The Court may enter a final order or judgment consistent with Article III of the United States Constitution. Lugano consents to the entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

13. On September 1, 2024, TRAVELERS sold LUGANO a "Wrap+" insurance policy No. 107710744 (the "POLICY"). A copy of the POLICY with endorsements is attached as Exhibit A and incorporated herein. The POLICY was purchased with the assistance of the brokerage firm, RSG Specialty Insurance Services, located in Walnut Creek, California. The POLICY was paid for by LUGANO from its offices in California. The POLICY was delivered to LUGANO in California.

14. The POLICY provides Private Company Directors and Officers Liability insurance coverage to LUGANO for the September 1, 2024, to September 1, 2025, period. The policy limit is $3 million for defense and indemnity in the aggregate.

15. The Insuring Agreements in the POLICY state:

> The Company [TRAVELERS] will pay on behalf of:
>
> A. the Insured Persons, Loss for Wrongful Acts, except for Loss which the Insured Organization pays to or on behalf of the Insured Persons as indemnification;
>
> B. the Insured Organization, Loss for Wrongful Acts which the Insured organization pays to or on behalf of the Insured Persons as indemnification; and
>
> C. the Insured Organization, Loss for Wrongful Acts, resulting from any Claim first made during the Policy Period, or if exercised during the Extended Reporting Period or Run-Off Extended Reporting Period.
>
> The Company will also pay on behalf of the Insured Organization, Investigation Expense resulting from any Security Holder Demand first made during the Policy Period, or if exercised during the Extended Reporting Period or Run-Off Extended Reporting Period, against the Insured Organization for Wrongful Acts. The Company's maximum limit of liability for all Investigation Expense will be the Investigation Expense Limit of Liability set forth in ITEM 5 of the Declarations for this Liability Coverage.

Ex. A at 34.

16. Relevant to this matter, the POLICY defines "Claim" to include:

> 2. a civil proceeding commenced by service of a complaint or similar pleading; . . .
>
> 4. a formal administrative or regulatory proceeding, commenced by a filing of charges, formal investigative order, service of summons or similar document . . . .

Ex. A at 34.

17. LUGANO qualifies, under the definition of the POLICY, as an "Insured Organization."

Ex. A at 35.

18. "Loss" is defined in the POLICY as including "Defense Expenses and money which an Insured is legally obligated to pay as a result of a Claim . . . ." Ex. A at 35.

19. On May 16, 2025, LUGANO transmitted a "Notice of Potential Claim" to TRAVELERS under the POLICY.

20. In that Notice of Claim, LUGANO stated:

> I write, on behalf of Lugano and its officers and directors, to provide formal notice of a **Claim**. The **Claim** consists of a civil action, filed on May 9, 2025 in the United States District Court for the Central District of California, Case 8:25-cv-00981, captioned *Robert J. Matthews,*

> *individually, and on behalf of all others similarly situated v. Compass Diversified Holdings, LLC, Compass Diversified Holdings, Mordechai Haim Ferder, Elias J. Sabo, Ryan J. Faulkingham, and Stephen Keller* (the "Securities Action"). Until his resignation on May 7, 2025, defendant Mordechai Haim Ferder ("Mr. Ferder") was the CEO of Lugano.
>
> * * *
>
> I also write, on behalf of Lugano and its officers and directors, to provide formal notice of a **Potential Claim**.

Letter from Lugano to Travelers dated May 16, 2025, attached hereto as Exhibit B, at p.1 (emphasis in original) ("Notice Letter").

21. LUGANO further explained the circumstances of the discovery of the alleged Wrongful Acts at issue. LUGANO stated:

> In late April 2025, the Audit Committee of Board of Directors ("Audit Committee") of Compass Group Diversified Holdings LLC ("Company" and, together with Compass Diversified Holdings ("Compass"), its corporate parent "CODI") commenced an internal investigation into the financing, accounting, and inventory practices of Lugano, a subsidiary and operating segment of the Company, based on concerns reported to Company management as to these practices.
>
> The concerns were reported to Company management in April 2025 and related to how Lugano was potentially financing its inventory. Specifically, it was reported that the then-CEO of Lugano—Mr. Ferder—had recently approached a third party with a proposal to jointly finance the acquisition of a diamond for inventory and later sale. Such a financing arrangement would have been in violation of Lugano's financing agreement with CODI.
>
> Upon being notified of these concerns in April 2025, Company management immediately informed the Audit Committee, and the Audit Committee promptly obtained outside counsel to assist in conducting the privileged investigation. Outside counsel in turn retained a forensic accounting firm under privilege to provide technical financial and accounting guidance and analysis (outside counsel and the forensic accounting firm, collectively "Advisors").
>
> The investigation, which remains ongoing, focuses on certain unrecorded financing arrangements and irregularities identified in sales, cost of sales, inventory, and accounts receivable recorded by Lugano. The investigation has identified many instances of the kind of off-balance-sheet financing

> arrangements that were the subject of the initial report. These financing arrangements appear to have been executed by the CEO of Lugano.

Ex. B at 2.

22. Predictably, numerous, additional lawsuits alleging losses attributable to the Wrongful Acts of Mr. Mordechai Ferder (herein after referred to as "FERDER") when he was CEO of LUGANO followed, resulting in additional, supplemental notices to TRAVELERS.

| **Case** | **Jurisdiction** | **Claim Number Assigned by Travelers** |
|---|---|---|
| *Kelsay v. Lugano Diamonds & Jewelry Inc.*, No. 50-2025-CA-005170-XXXA-MB | Circuit Court, Palm Beach County, FL | T2511033 |
| *Winters v. Lugano Diamonds & Jewelry Inc., et al.*, No. 8:25-cv-0102 | C.D. Cal. | T2510844 |
| *Belgium New York v. Lugano Diamonds & Jewelry*, Index No. 653563/2025 | Supreme Court, New York County, NY | T2511701 |
| *Cohen v. Lugano Diamonds & Jewelry, et al.*, No. 30-2025-01490111-CU-BC-NJC | Superior Court, Orange County, CA | T2511700 |
| *Kraus v. Lugano Diamonds & Jewelry, et al.*, No. 30-2025-01490165-CU-BC-CJC | Superior Court, Orange County, CA | T2511699 |
| *Aronoff v. Ferder, et al.*, No. 30-2025-01490509-CU-FR-NJC | Superior Court, Orange County, CA | T2511999 |

| **Case** | **Jurisdiction** | **Claim Number Assigned by Travelers** |
|---|---|---|
| *Hazen v. Lugano Diamonds & Jewelry Inc.*, No. 25-cv-01132-JAD-BNW[2] | D. Nev. | T2511700 |
| *N.B.S. Diamonds Inc. dba Scarselli Diamonds v. Lugano Diamonds & Jewelry Inc.*, et al., No. 30-2025-01494948-CU-BC-CJC | Superior Court, Orange County, CA | T2520125 |
| *Avina LLC, et al. v. Lugano Diamonds & Jewelry Inc., et al.*, No. 30-2025-01495834-CU-FR-WJC | Superior Court, Orange County, CA | T2513029 |
| *Champion Force Industrial Ltd. v. Lugano Diamonds & Jewelry Inc., et al.*, No. 30-2025-01499613-CU-BC-CJC | Superior Court, Orange County, CA | T2514284 |
| *Sydney Holdings Ltd. v. Lugano Diamonds & Jewelry Inc. et al.*, No. 8:25-cv-01879 | C.D. Cal. | Unknown |
| *Arvielo Family Trust, et al. v. Lugano Diamonds & Jewelry Inc., et al.*, No. 30-2025-01506931-CU-BC-CJC | Superior Court, Orange County, CA | Unknown[3] |

[2] The Hazen case was voluntarily dismissed and refiled in the U.S. District Court for the Central District of California (No 8:25-cv-01931-FWS-KES).

[3] TRAVELERS communicated by email on September 9, 2025 that, absent further communication to the contrary, it would be handling the Arvielo matter "as part of the Winters master file for the 'Joint Ventures' Related Claims."

| Case | Jurisdiction | Claim Number Assigned by Travelers |
|---|---|---|
| *Luminaire LLC v. Lugano Diamonds & Jewelry Inc.*, No. 8:25-cv-02048-KES | C.D. Cal. | T2520501 |
| *White Mountain Capital Inc. v. Lugano Diamonds & Jewelry Inc.*, No. 30-2025-01511740-CU-BC-CJC | Superior Court, Orange County, CA | Unknown |
| *Ruberti and Wang v. Lugano Diamonds Inc.*, No. 2025CV30124 | District Court, Pitkin County, CO | Unknown |
| *Valley v. Lugano Diamonds & Jewelry Inc.*, No. *30-2025-01521109-CU-BC-WJC* | Superior Court, Orange County, CA | Unknown |
| *Sutherland and Cave v. Lugano Diamonds & Jewelry Inc.*, No. 2025CV30129 | District Court, Pitkin County, CO | Unknown |
| *Bulley & Andrews, LLC v. Lugano Diamonds & Jewelry Inc., et al.* | Circuit Court, Cook County, IL | Unknown |

23. Additionally, LUGANO learned of a formal investigation by the U.S. Securities and Exchange Commission arising from FERDER's wrongful acts, which it also noticed to TRAVELERS.

24. The POLICY defines Wrongful Act as follows:

> 1. any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty or neglect by, or any matter asserted against, an Insured Person in his or her capacity as such;
>
> ***

> 3. any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty or neglect by, or any matter asserted against, the Insured Organization . . . .

Ex. A at 36.

25. TRAVELERS acknowledged that the allegations contained in the ACTIONS AGAINST LUGANO, except the SEC investigation, required that TRAVELERS provide a defense under the POLICY. TRAVELERS acknowledged this duty in response to LUGANO's notice letters for the action listed in paragraph 22.

26. TRAVELERS, recognizing that there was a conflict between the interests of LUGANO under the POLICY and FERDER, informed LUGANO that LUGANO would need to obtain its own counsel to defend the ACTIONS AGAINST LUGANO. LUGANO filed an action against FERDER because of FERDER's wrongful acts. Under California law such a conflict requires appointment of independent counsel. Such counsel is designated as *Cumis* counsel.

27. LUGANO hired as *Cumis* counsel the law firms of Keller Benvenutti Kim LLP to defend LUGANO in the cases pending in Orange County Superior Court and the United States District Court for the Central District of California and Shoemaker Ghiselli + Schwartz LLC to defend LUGANO in the SEC investigation and the cases pending in the Pitkin County District Court.

**TRAVELERS' UNREASONABLE CLAIMS HANDLING OF LUGANO'S CLAIM FOR DEFENSE AND INDEMNITY**

28. Although TRAVELERS agreed that it has a defense obligation, it has, in various writings in response to LUGANO's defense request, reserved its ability to deny coverage. In a recent oral communication, TRAVELERS denied that it has an indemnity obligation. With regard to the defense obligation, TRAVELERS refuses to pay more than $330 an hour for partners, $275 an hour for associates, and $105 an hour for paralegals. TRAVELERS knows that sophisticated trial counsel simultaneously defending more than fifteen "Bet the Company" cases in state and federal courts mostly in Los Angeles and Orange County charge two to three times these rates. Nevertheless, TRAVELERS insisted that its

extremely low rates are justified, despite failing to provide any support that it has paid such low rates for similar cases in Los Angeles, Orange County, and other courts in similar circumstances.

29. In addition, TRAVELERS refused to provide *any* defense support to LUGANO with regard to the SEC investigation related to FERDER's Wrongful Acts, notwithstanding that the Policy defines a covered Claim to include "a formal administrative or regulatory proceeding, commenced by," among other things, a "*formal investigative order*," which, as TRAVELERS has been informed, the SEC has issued. Ex. A at 34.

30. TRAVELERS refuses to treat all of the ACTIONS AGAINST LUGANO as "related" even though they are all based on the alleged Wrongful Acts of FERDER. As a result, TRAVELERS is requiring that LUGANO pay multiple deductibles of $50,000 each.

31. TRAVELERS argues that the unreasonable low rates it has proposed meet its obligation under Cal. Civ. Code Section 2860. That Code section states:

> The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended.

32. Both LUGANO (through its counsel) and its broker requested, on multiple occasions, that TRAVELERS provide support for its low rates by providing LUGANO with evidence that TRAVELERS paid such low rates to *Cumis* counsel defending more than a dozen actions filed in various courts, including federal court, in Los Angeles and Orange County California, against the policyholder, as well as an SEC investigation. TRAVELERS refused to provide that support. Since independent *Cumis* counsel is involved here, by TRAVELERS' own requirement, TRAVELERS cannot use the rates it pays its "panel counsel," whose firms are willing to take lower hourly rates in exchange for TRAVELERS' guarantee of a volume of work, as the standard. Because of the conflict involved, as TRAVELERS recognized, the use of panel counsel with special arrangements with TRAVELERS, would be inappropriate.

33. LUGANO, through its counsel and broker, challenged these unreasonable actions by TRAVELERS. TRAVELERS, however, refuses to change its position.

34. *Cumis* counsel for LUGANO has defended LUGANO in the ACTIONS AGAINST LUGANO (until those cases were stayed by the filing of the above-captioned bankruptcy cases), as well as the SEC investigation, incurring fees exceeding $300,000 to date. TRAVELERS has not paid a single dollar for LUGANO's defense even though TRAVELERS was informed in communications with LUGANO's counsel that LUGANO was in dire financial distress.

35. In an effort to get Lugano's payment of the defense fees reimbursed, LUGANO offered to provide TRAVELERS with *Cumis* counsel's pre-bill. Because this information is privileged, LUGANO conditioned providing this information to TRAVELERS on TRAVELERS' agreement to sign a Common Interest and Confidentiality Agreement commonly used and approved by multiple insurance companies in similar coverage disputes (the "Common Interest Agreement"). LUGANO forwarded such an agreement to Travelers and invited TRAVELERS to propose changes.

36. Execution of a Common Interest Agreement is particularly important here because, upon information and belief, TRAVELERS also agreed to provide separate defense support to FERDER. LUGANO sued FERDER for the wrongful acts he undertook for his own financial interest and against the interests of LUGANO.

37. Instead of agreeing to propose changes or additions and/or sign onto the Common Interest and Confidentiality Agreement, TRAVELERS, stated it "could not" sign such an agreement. TRAVELERS demanded that LUGANO sign its version of a confidentiality agreement ("the TRAVELERS' Agreement") without the opportunity to make any changes. Among other unreasonable provisions, the TRAVELERS' Agreement would grant TRAVELERS the right to use any of the "Confidential Information" provided to it by LUGANO and/or *Cumis* counsel against LUGANO in any subsequent coverage litigation. *See* Ex. C at 1–2.

38. LUGANO requested that TRAVELERS remove the overreaching portions of the TRAVELERS' Agreement, including specifically the requirement that TRAVELERS could use the confidential information against LUGANO. TRAVELERS refused. TRAVELERS took the position that it would not agree to any changes to the TRAVELERS Agreement, period.

**FIRST CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT)**

39. Plaintiff incorporates by reference the allegations in the preceding and following paragraphs.

40. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks a declaratory judgment of the respective rights and obligations of Plaintiff and Defendant under the POLICY.

41. An active justiciable controversy exists between Plaintiff and Defendant concerning their rights and obligations under the POLICY at issue.

42. In particular, Plaintiff seeks a declaration and order from the Court that Defendant has a duty under its POLICY to pay reasonable rates to *Cumis* counsel for its defense of the ACTIONS AGAINST LUGANO.

43. Plaintiff seeks a declaration and order from the Court that under the POLICY all the ACTIONS AGAINST LUGANO are "related" and only one deductible may be imposed.

44. Plaintiff seeks a declaration and order from the court that TRAVELERS is required to fund the defense of LUGANO with regard to the SEC investigation.

45. Plaintiff seeks a declaration that TRAVELERS must pay all of *Cumis* counsel's past and any future fees and costs to defend LUGANO in the ACTIONS AGAINST LUGANO.

46. Plaintiff seeks a declaration that TRAVELERS must indemnify LUGANO, up to the POLICY limits, to settle the ACTIONS AGAINST LUGANO.

**SECOND CLAIM FOR RELIEF**
**(BREACH OF CONTRACT FOR INDEMNITY)**

47. Plaintiff incorporates by reference the allegations in the preceding and following paragraphs.

48. The POLICY at issue is a valid and enforceable contract of insurance between Plaintiff and Defendant.

49. Plaintiff performed all obligations under the POLICY at issue, and all conditions precedent to coverage under the POLICY and/or such obligations or conditions have been satisfied, excused, or waived.

50. Defendant has a duty to tender its full POLICY limits to defend and/or settle the ACTIONS AGAINST LUGANO.

51. Defendant's failure to tender its full POLICY limits to defend and/or settle the ACTIONS AGAINST LUGANO constitutes a breach of its contractual obligations.

52. No exclusions, conditions, or other provisions in the POLICY excuse Defendant's failure to perform its obligations.

53. Plaintiff has not otherwise excused Defendant's non-performance.

54. As a direct and proximate result of Defendant's breaches of its duties and obligations under the POLICY, Plaintiff was denied the benefits of the insurance coverage to which Plaintiff is entitled.

55. As a direct and proximate result of Defendant's breaches of its obligations under the POLICY, Plaintiff has incurred, and may continue to incur, damages in excess of the jurisdictional minimum of this Court, with the exact amount to be proven at trial, including direct, special, and consequential damages plus prejudgment interest and postjudgment interest and all other fees and costs allowed by law. Plaintiff reserves the right to confirm its claim for damages consistent with proof and trial.

**THIRD CLAIM FOR RELIEF**
**(TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

56. Plaintiff incorporates by reference the allegations in the preceding and following paragraphs.

57. The POLICY constitutes a valid and enforceable contract of insurance between Plaintiff and Defendant.

58. The POLICY contains a covenant, implied by operation of law, that imposes on Defendant an obligation to act in good faith and to deal fairly with Plaintiff in all matters material to Defendant's POLICY of insurance, and to give at least the same level of consideration to Plaintiff's interests as it gives its own interests.

59. Plaintiff has informed Defendant that its coverage positions, and in particular, the positions on multiple deductibles, the rate it will pay for *Cumis* counsel's fees, and the refusal to execute a reasonable Common Interest and Confidentiality Agreement that protects the interests of all parties, lack merit and are inconsistent with applicable law.

60. TRAVELERS has unreasonably, knowingly, without basis in fact and with reckless disregard of its obligations, persisted in pursuing and asserting that it is not responsible for paying reasonable attorney's fees, entering into a reasonable Common Interest and Confidentiality Agreement, paying for LUGANO's defense of the SEC investigation, and tendering its limits to defend and/or settle the ACTIONS AGAINST LUGANO pursuant to its duty to protect Plaintiff from liability.

61. In conscious disregard of Plaintiff's rights, applicable laws, the language of the POLICY and insurance industry custom and practice, TRAVELERS consistently failed to honor its defense and indemnity obligations.

62. Although TRAVELERS is aware that Plaintiff cannot be relieved of liability in the underlying cases without Travelers paying its full policy limits for defense and indemnity, TRAVELERS continues to unreasonably refuse to pay reasonable rates for the defense and refuses to tender its limits for the defense and settlement of the ACTIONS AGAINST LUGANO.

63. TRAVELERS persists in taking the unreasonable positions described above solely to protect its own interests.

64. TRAVELERS, by its actions, breached its obligations under the POLICY in conscious disregard of Plaintiff's rights, constituting bad faith, oppression, and/or malice.

65. TRAVELERS maliciously and oppressively sought to rely on limiting language in the POLICY at issue, and unreasonable positions that violate insurance industry custom and practice, to excuse its breaches of its obligations to Plaintiff.

66. Plaintiff is further entitled to recover from TRAVELERS damages sustained because of TRAVELERS' tortious bad faith conduct, including, but not limited to, attorneys' fees and costs, consequential damages, and punitive damages, prejudgment interest, and postjudgment interest in an amount to be determined at trial.

## PRAYER FOR RELIEF

67. WHEREFORE, in consideration of the foregoing, Plaintiff, LUGANO, respectfully requests the entry of judgment in its favor and against Defendant TRAVELERS on all claims enumerated above, and prays that the Court grant the following relief:

1. Enter judgment in favor of LUGANO on all Counts;
2. On all Counts, award monetary damages to LUGANO in an amount to be determined at trial;
3. On Count I, declare that TRAVELERS is obligated to pay reasonable defense rates up to the full POLICY limits to defend and/or settle the ACTIONS AGAINST LUGANO;
4. On Count II, award monetary damages for TRAVELERS' breaches of its contractual duties to pay the full defense fees and costs and indemnify LUGANO by paying the full policy limits to settle the ACTIONS AGAINST LUGANO, in an amount to be determined at trial, including without limitation direct, special, and consequential damages plus prejudgment interest and postjudgment interest and all other fees and costs allowed by law;
5. On Count III, award extra-contractual damages, including without limitation compensatory damages flowing from TRAVELERS' bad faith conduct in handling these claims, attorneys' fees and costs paid by Plaintiff to pursue its rights under the POLICY to remedy TRAVELERS' mishandling of the claims, prejudgment interest, postjudgment interest, consequential damages, punitive damages, and such other relief as the Court deems appropriate; and
6. On all Counts, grant Plaintiff all such other and further relief as the Court may deem just and proper.

[*Signature page follows*]

Dated: February 4, 2026

Respectfully submitted,

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Christopher M. Lambe*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Christopher M. Lambe (Del. No. 6846)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Email: emorton@ycst.com
sbeach@ycst.com
sborovinskaya@ycst.com
clambe@ycst.com

-and-

**BROWN LAW APC**

Lester O. Brown (admission *pro hac vice* forthcoming)
1120 Forest Avenue 298
Pacific Grove, CA 93950
Telephone: (213) 716-0542
Email: lbrown@brownlawapc.com

*Attorneys for Plaintiff*
*LUGANO DIAMONDS & JEWELRY INC.*