**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered) |
| LUGANO DIAMONDS & JEWELRY INC.<br><br>        Plaintiff,<br><br>    v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>        Defendant. | Adv. Proc. No. 26-50036 (BLS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION FOR PERMISSIVE ABSTENTION</u>**

Defendant Travelers Casualty and Surety Company of America ("Travelers"), by its undersigned counsel, hereby moves the Court to abstain from consideration of this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1), respectfully stating the following for reasons:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

**I.**
**Introduction**

1.      Lugano Diamonds & Jewelry Inc. (the "Debtor"), a California corporation, brings to this Court a state-law insurance coverage dispute, governed by California law and subject to, in part, a California statute that mandates arbitration.

2.      The Complaint does not assert a single claim arising under the Bankruptcy Code or arising in the related bankruptcy cases.  The Complaint would ordinarily be determined outside of the Bankruptcy Court. Indeed, California state law expressly requires that one of the principal issues raised in the Complaint (the appropriate hourly rate for certain counsel fees) be determined through final and binding arbitration. By filing this adversary proceeding, Debtor attempts to bypass that mandate and proceed in a forum which it perceives to be more hospitable.

3.      This adversary proceeding is an exemplary case for permissive abstention. Principles of comity, respect for state law, and the efficient administration of the estate all strongly favor abstention under 28 U.S.C. § 1334(c)(1). Because this is a non-core proceeding and Travelers does not consent to entry of a final order by this Court, abstention will avoid duplicative litigation and preserve the parties' contractual and statutory rights under California law.

**II.**
**Jurisdiction**

4.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b).  Venue is proper under 28 U.S.C. § 1409.  Travelers does not consent to this Court entering final orders or judgment in this non-core proceeding.

WBD (US) 4936-8848-7575

**III.**
**Facts**

5.      In the Complaint, the Debtor alleges the following:[2]

a.      On September 1, 2024, Travelers issued D&O insurance policy no. 107710744 (the "Policy") to Lugano Holding Inc. The Debtor is a California corporation. Compl., ¶ 3. The Debtor was assisted in procuring the Policy by California-based broker RSG Specialty Insurance Services. *Id.*, ¶¶ 5, 13. The Policy was paid for by Debtor from its offices in California, and it was delivered to the Debtor in California. *Id.*, ¶ 13.

b.      The Policy term was September 1, 2024, to September 1, 2025. *Id.*, ¶ 14. The Debtor alleges that on May 16, 2025, during the Policy term, the Debtor transmitted a "Notice of Potential Claim" to Travelers, notifying Travelers that the Debtor was investigating the "financing, accounting, and inventory practices" of Debtor and that Debtor's former CEO, Mordechai Haim Ferder ("Ferder"), had approached a third party with a proposal to jointly finance the acquisition of a diamond, conduct that would be a violation of Debtor's financing agreement with its corporate parent. *Id.*, ¶ 21.

c.      Soon thereafter, multiple lawsuits were filed against Debtor and/or Ferder, including at least twelve in California as listed in the Complaint. *Id.*, ¶ 22.  The U.S. Securities and Exchange Commission also initiated a formal investigation into Debtor arising from Ferder's wrongful acts. *Id.*, ¶ 23.

d.      Because there was a conflict of interest between Debtor and Ferder under the Policy, the Debtor was required to obtain its own counsel to defend against the actions against

---

[2]  Travelers re-states the facts for purposes of this Motion, only, and makes no admissions or waiver of its right to contest all such facts.

3

it.  The Debtor also filed an action against Ferder.  *Id.*, ¶26.  Under California law, such counsel is often referred to as *Cumis* counsel.  *Id.*, ¶ 26.  *See also* Cal. Civ. C. § 2860(c).

6.      The Debtor contends that Travelers must pay hourly rates to *Cumis* counsel more than the rates that Travelers pays to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claims arose or are being defended.  *Id.*, Count I.  The Debtor asks the Court to declare and order (i) the appropriate *Cumis* rates, and (ii) the contractual rights of the parties under the Policy on the issues of (a) whether one or more deductibles are applicable, and (b) whether defense of an SEC investigation is covered under the Policy.  *Id.*, Count I.  Count II is a breach of contract claim, and Count III is a claim for tortious breach of implied covenant of good faith and fair dealing.  *Id.,* Counts II and III.

**IV.**
**Legal Argument**

7.      The Court should abstain from considering this adversary proceeding in favor of having the issues determined where they lie, in California.  "The concept of abstention is governed by 28 U.S.C. § 1334(c)(1) and (2)."  *In re Texaco Inc.*, 77 B.R. 433, 436–37 (Bankr. S.D.N.Y. 1987).

**A.**      **The Standard for Permissive Abstention Is Met Here.**

8.      Subsection (c)(1) of 28 U.S.C. § 1334 governs permissive abstention, and provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).  "The various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases. Rather, they reflect a complex of considerations designed to

4

soften the tensions inherent in a system that contemplates parallel judicial processes." *Pennzoil Co. v Texaco, Inc.*, 481 U.S. 1, 12, n. 9 (1987).

9. In determining whether to permissively abstain from hearing a matter, Courts in this District consider the following twelve factors:

(1) The effect or lack thereof on the efficient administration of the estate if the Court abstains;

(2) The extent to which state law issues predominate over bankruptcy issues;

(3) The difficulty or unsettled nature of applicable state law;

(4) The presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) The jurisdictional basis, if any, other than section 1334;

(6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) The substance rather than the form of an asserted "core" proceeding;

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) The burden on the bankruptcy court's docket;

(10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) The existence of a right to a jury trial; and

(12) The presence of non-debtor parties.

*In re Welded Constr., L.P.*, 609 B.R. 101, 112 (Bankr. D. Del. 2019) (quoting *Fruit of the Loom, Inc. v. Magnetek, Inc.*, 407 B.R. 593, 599–600 (Bankr. D. Del. 2009)). The Court's evaluation of these factors is "not a mere mathematical exercise." *Trans World Airlines, Inc. v. Karabu Corp.*, 196 B.R. 711, 715 (Bankr. D. Del. 1996).

WBD (US) 4936-8848-7575

**B.      A Principal Issue Is Subject to Mandatory**
         **Arbitration By California Statute.**

10.     As a threshold matter, Count I of the Complaint seeks a judicial determination of *Cumis* fees. *See id*. ¶¶ 42, 45 (seeking entry of an order declaring that Travelers has a duty under the Policy to pay different rates to *Cumis* counsel).

11.     *Cumis* counsel rates and other fee disputes are governed by California Civil Code, which states in relevant part:

> When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications which may include that the selected counsel have (1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and (2) errors and omissions coverage. **The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended**. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. **<u>Any dispute concerning attorney's fees not resolved by these methods shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute</u>**.

Cal. Civ. C. § 2860(c) (emphasis added).

12.     Because *Cumis* counsel rates and fees are subject to mandatory arbitration by California statute, Travelers has the statutory right to have these issues arbitrated.

13.     The United States Court of Appeals for the Third Circuit has held, in an analogous case, that a complaint seeking declaratory relief on an issue that is subject to mandatory arbitration under a state statute, must be dismissed because it fails to state a claim upon which relief may be granted.[3] *See Gov't Emps. Ins. Co v. Tri-Cnty. Neurology & Rehab. LLC*, 721 Fed. Appx. 118,

---

[3]Travelers has pleaded, in its answer, the affirmative defense of failure to state a claim upon which relief may be granted.

6

123 (3d Cir. 2018) (remanding with instructions to dismiss complaint pursuant to Fed. R. Civ. P. 12(b)(6)).  *See also Wallis v. Centennial Ins. Co*., 982 F.Supp.2d 1114, 1120 (E.D. Cal. 2013) (repeating its holding in a  prior order that "the mere fact that plaintiff's Complaint includes causes of action for bad faith and breach of contract does not exempt the *Cumis* fee dispute from section 2860 arbitration.").

14.     California law requires arbitration of *Cumis* fee disputes.  And, while not directly applicable because this case does not implicate an agreement to arbitrate, the Court should bear in mind that under the Federal Arbitration Act (the "FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

15.     If an issue is arbitrable under an agreement, "the FAA leaves a court without discretion; the Act dictates that the court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement....'" *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149, 1156 (3d Cir.1989) (quoting 9 U.S.C. § 3). The FAA has established a "federal policy favoring arbitration," which requires that federal courts "rigorously enforce agreements to arbitrate." *Id.* (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24 (1983)).

16.     The strong federal policy favoring arbitration, coupled with the California statute mandating arbitration of *Cumis* fee disputes, compel the conclusion that the *Cumis* fee dispute presented in the Complaint should be determined in arbitration.

**C.**    **The Critical Factors Weigh Heavily in**
        **Favor of Permissive Abstention.**

17.    Turning to the twelve factors that Courts in this District have considered, together they weigh heavily in favor of a decision to abstain.  Abstention is within the Court's broad discretion.    Historically, courts have weighed certain factors more heavily than others. "[P]articularly important are factors (1) the effect on the administration of the estate, (2) whether the claim involves only state law issues, and (7) whether the proceeding is core or non-core."  *In re DHP Holdings II Corp.*, 435 B.R. 220, 224 (Bankr. D. Del. 2010).  *See also Fruit of the Loom*, 407 B.R. at 600.  Here the twelve factors— particularly (1), (2), and (7)—strongly favor abstention.

**i.**    **The claims raised in the Complaint do not affect the**
        **efficient administration of the Estate (Factor 1).**

18.    The relevant inquiry under the first factor is not whether insurance proceeds may be valuable to the estate, but whether abstention would materially interfere with this Court's ability to administer the chapter 11 cases. It would not.  Resolution of Debtor's insurance coverage and fee disputes is not a prerequisite to plan confirmation, any asset sale, or claims administration, and Debtor does not allege otherwise.

19.    Debtor alleges that it has incurred fees exceeding $300,000, covered by the Policy. Compl. ¶ 34.  The Debtor, however, listed over $230 million in assets and over $979 million in liabilities.[4]  Regardless of the outcome of the issues raised in the Complaint, the amount at stake will not materially affect the estate.  *See DHP Holdings*, 435 B.R. at 225 (finding that this factor favored permissive abstention where the amount at issue, $123,261, "will have little effect upon creditors' recovery because the amount  . . . is not significant" and where the Debtors listed over $53 million in liabilities and no assets).  This factor weighs in favor of abstention.

---

[4] Case No. 25-12055-BLS, Doc. 207, p. 24.

8

ii.     **State law issues predominate (Factor 2).**

20.     All of Debtor's claims arise under either a California statute or California common law.  *See generally*, Compl.   "The United States Supreme Court has found that permissive abstention is most appropriate when a case is dominated by state law issues or raises unsettled issues of state law." *In re U.S.H. Corp. of New York*, 280 B.R. 330, 337 (Bankr. S.D.N.Y. 2002) (relying on *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483 (1940)).

21.     Count I seeks declarations and interpretations of a Policy that was purchased by a California corporation, with the assistance of a California brokerage firm, and delivered in California.  *Id.* at ¶¶ 5, 13. Count II and Count III allege only state law claims, with Count II seeking indemnification under a California prepetition insurance policy and Count III alleging a tort claim of bad faith.  Compl., pp. 12–14.

22.     This factor strongly favors abstention.  *See In re National Eastern Corp.*, 391 B.R. 663, 670 (Bankr. D. Conn. 2008) (permissively abstaining from a matter based purely in state law); *Lomas & Nettleton Co. v. Warren*, 125 B.R. 128, 130, 132 (E.D. Pa. 1991) (finding that permissive abstention was appropriate where matter was solely based on state law).

iii.    **Debtor's claims are non-core (Factor 7).**

23.     This adversary proceeding is non-core—the claims neither arise under the Bankruptcy Code nor arise in a bankruptcy case.  Count I seeks declarations concerning the parties' rights and obligations under the Policy and California state law, Count II alleges a breach of the Policy, and Count III seeks remedies for allegedly tortious conduct stemming from the Policy.  All three Counts could, and ordinarily would, exist outside of bankruptcy.  *See In re: TK Holdings, Inc.*, 2021 WL 6101496 (Bankr. D. Del. 2021) (Shannon, J.) (finding that claims for declaratory relief stemming from prepetition insurance policies are not core issues).  *See also Cibro Petroleum Prods. Inc. v. City of Albany*, 270 B.R. 108, 120 (S.D.N.Y. 2001) ("[A] breach of contract action

9

by a debtor against a party to a pre-petition contract, who has not filed a claim with the bankruptcy court, is non-core.").

24.     The burden of proving an issue is a core proceeding rests on the party invoking the core jurisdiction of the bankruptcy court, here, the Debtor.  *See Klohr v. Martin & Bayley, Inc.*, 2006 WL 1207141, at *2 (S.D. Ill. May 4, 2006) (collecting cases).  The Debtor cannot satisfy this burden.

25.     Just as in *TK Holdings*, the claims here are based on insurance coverage disputes based on state law and are therefore not expressly listed in 28 U.S.C. § 157(b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate).  *See TK Holdings, Inc.*, 2021 WL 6101496 at *7.  *See also Humboldt Express Inc. v. The Wise Co., Inc.*, 190 F.3d 624, 632 (4th Cir. 1999) ("Congress may not force non-consenting claimants whose claims are based on state-created private rights into non-Article III courts.").

26.     Further, the presumption in favor of arbitration weighs in favor of abstention when the issue is non-core.  *See United States Lines, Inc. v. American S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 197 F.3d 631, 640 (2d Cir. 1999) (Non-core proceedings "are unlikely to present a conflict sufficient to override by implication the presumption in favor of arbitration").  This factor weighs in favor of abstention.

**D.     The Remaining Factors Favor Abstention or are Neutral**

> **i.     The difficulty or unsettled nature of applicable state law (Factor 3).**

27.     Because the Complaint is solely based on California statutory, contract, and tort law, Travelers respectfully submits that an arbitrator and California state court[5] are better suited to

---

[5] And neutral arbitrator for the *Cumis* counsel-related claims.

WBD (US) 4936-8848-7575

apply California precedent to the claims at issue.  However, Travelers recognizes that this Court is accustomed to applying state law to disputes before it.  Accordingly, this factor does not weigh in favor of, or against, abstention.

ii.    **The presence of a related proceeding commenced in state court or other non-bankruptcy court (Factor 4).**

28.    No proceeding in California is currently addressing the claims brought by Debtor in the Complaint.  This factor does not weigh in favor of, or against, abstention.

iii.    **The jurisdictional basis other than 28 U.S.C. § 1334 (Factor 5).**

29.    As noted, all of Debtor's claims are based on state law, and therefore there is no basis for federal question jurisdiction under 28 U.S.C. § 1331.  The Court may have diversity jurisdiction under 28 U.S.C. § 1332, but absent bankruptcy, venue in this District would be, at best, tenuous.  The Debtor Plaintiff is a California entity, and Travelers is a Connecticut entity. This factor weighs in favor of abstention.

iv.    **The Debtor's claims are not closely related to the main bankruptcy case (Factor 6).**

30.    Having the *Cumis* claims determined by an arbitrator as required by California statutes, and the balance of the Complaint decided by a California state court, presents no impediment to the Debtor's proceeding in their bankruptcy case.  Tellingly, nowhere in the Complaint does the Debtor allege that the resolution of these claims is critical to the bankruptcy case moving forward.  Resolution of Complaint is not necessary to progress in the Debtors' chapter 11 cases, and this factor favors abstention.

11

v.      **The state law claims do not need to be severed**
**from other claims (Factor 8).**

31.     Because Debtor has asserted only state law claims against Travelers, it is not necessary for the Court to sever any state law claims from core claims, if abstention were granted. Accordingly, this factor weighs in favor of abstention.

vi.     **The burden on this Court's docket (Factor 9).**

32.     If this Court hears these claims, it will assume the burden of determining *Cumis* rates which, by statute, are those rates actually paid by Travelers to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This is an unnecessary burden to place on this Court, and this factor weighs in favor of abstention.

vii.    **Forum shopping (Factor 10).**

33.     By bringing its *Cumis* counsel fee claim in this Court, Debtor attempts to avoid California insurance law. Paragraph 31 of the Complaint quotes a portion of Section 2860 of the California Civil Code, but it fails to include a highly relevant part–the statute's arbitration requirement. *Compare* Compl., ¶ 31, Cal Civ. Code § 2860. It appears that the Debtor is forum shopping to avoid arbitration, and this factor weighs in favor of abstention.

viii.   **The existence of the right to a jury trial**
**(Factor 11).**

34.     Travelers does not seek a jury trial; this factor is neutral.

ix.     **The presence of non-debtor parties (Factor 12).**

35.     This dispute does not involve entities other than the Debtor and Travelers and therefore this factor is neutral.

12

**Conclusion**

36.     This case presents precisely the circumstances where abstention is most appropriate: all the claims at issue are non-core, based on state law, and are not essential to the conclusion of these chapter 11 cases or consummating a chapter 11 plan.  Eight of the twelve factors considered by the Court in this District favor abstention, and the remaining factors are neutral.

37.     Wherefore, for these and such other reasons that may be raised at a hearing on this Motion, Travelers respectfully requests that this Court enter an order abstaining from hearing and deciding the Complaint and granting Travelers such other and further relief as is just and appropriate.

Dated: March 23, 2026

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Lisa Bittle Tancredi*
Lisa Bittle Tancredi (Del. Bar No. 4657)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone:     (302) 252-4320
Facsimile:     (302) 252-4330
E-mail:          lisa.tancredi@wbd-us.com

*Counsel for Defendant Travelers Casualty and*
*Surety Company of America*

WBD (US) 4936-8848-7575