## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Chapter 11<br><br>Case No. 25-12055 (BLS)<br><br>(Jointly Administered) |
| LUGANO DIAMONDS & JEWELRY INC.<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Defendant. | Adv. Proc. No. 26-50036 (BLS) |

### AGREED SCHEDULING ORDER FOR ADVERSARY PROCEEDING

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding (the "Adversary Proceeding"), the following schedule shall apply.

IT IS HEREBY ORDERED:

1.    Protective Order and ESI Protocol.  The parties shall exchange proposed forms of a confidentiality and protective order within sixty (60) days of the United States Bankruptcy Court for the District of Delaware's (the "Court") order regarding Travelers' *Motion for Permissive Abstention* [Adv. Docket No. 11] (the "Abstention Motion").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

60032183

2.    Initial Disclosures.

a.    Waiver of Initial Disclosures.  Subject to section 2(b) of this Order, the parties have agreed to waive the requirement of Federal Rule of Civil Procedure 26(a)(1) initial disclosures, made applicable to the Adversary Proceeding pursuant to Federal Rule of Bankruptcy 7026.

b.    Identification of Individuals with Knowledge.  The parties have agreed to exchange the names of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses in the Adversary Proceeding, unless the use would be solely for impeachment, within twenty-one (21) days of the Court's order regarding the Abstention Motion.

3.    Fact Discovery.

a.    Written Discovery.  All written fact discovery, including interrogatories, requests for production of documents, and requests for admission, shall be served no later than sixty (60) days after the Court's order regarding the Abstention Motion.  Written responses and objections to discovery requests shall be served on or before thirty (30) days after discovery requests are issued.  The parties shall substantially complete their production of documents responsive to the other parties' requests within sixty (60) days after requests for production of documents have been issued.

b.    Electronic Discovery.  The Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") shall apply with respect to electronic discovery concerning the Adversary Proceeding unless the parties agree to alternate procedures.

c.    Fact Depositions.  The parties agree to attempt to schedule fact depositions for a mutually agreeable time, date and location.  The parties will schedule all fact witness

60032183

2

depositions, including any deposition(s) pursuant to Fed. R. Civ. P. 30(b)(6), to be conducted within one hundred fifty (150) days of the Court's order regarding the Abstention Motion.  The parties agree that no less than fourteen (14) business days' notice shall be provided for the scope of any Fed. R. Civ. P. 30(b)(6) deposition.

        d.   <u>Fact Discovery Cut-off</u>.  All fact discovery will be completed within one hundred sixty-five (165) days of the Court's order regarding the Abstention Motion.

4.      <u>Expert Discovery</u>.

        a.   <u>Expert Reports</u>:  The parties agree that all expert reports from witnesses who will offer affirmative expert testimony at trial shall be exchanged within one hundred eighty (180) days after the Court's order regarding the Abstention Motion.

        b.   <u>Rebuttal Expert Reports</u>:  The parties agree that all rebuttal expert reports from witnesses who will offer rebuttal expert testimony at trial shall be exchanged within one hundred ninety (190) days after the Court's order regarding the Abstention Motion.

        c.   <u>Expert Depositions</u>:  The parties agree that depositions of expert witnesses will be completed within two hundred (200) days of the Court's order regarding the Abstention Motion.

        d.   <u>Expert Discovery Cut-off</u>:  All expert discovery will be completed within two hundred five (205) days of the Court's order regarding the Abstention Motion.

5.      <u>Witnesses, Exhibits, and Deposition Designations</u>.  The parties shall exchange final witness lists of those witnesses that will be called in each party's respective case-in-chief no later two hundred ten (210) days of the Court's order regarding the Abstention Motion or forty-five (45) days before the scheduled trial date, whichever is later.  The parties shall exchange copies of exhibits and deposition designations, if any, that will be presented as part of each party's case-in-

chief no later than two hundred twenty (220) days of the Court's order regarding the Abstention Motion or forty (40) days before the scheduled trial date, whichever is later.  Any trial witness identified, but not previously disclosed, can be deposed before trial.  The parties shall file their objections to witness lists, exhibit lists, and deposition designations by two hundred thirty-five (235) days of the Court's order regarding the Abstention Motion or thirty (30) days before the scheduled trial date, whichever is later.

6.      Pre-Trial Briefs.  The parties shall file pre-trial briefs by two hundred sixty (260) days of the Court's order regarding the Abstention Motion or twenty-five (25) days before the scheduled trial date, whichever is later.  The parties shall file responses to pre-trial briefs by two hundred seventy-four (274) days of the Court's order regarding the Abstention Motion or fifteen (15) days before the scheduled trial date, whichever is later.  No party shall file a reply brief unless otherwise instructed by the Court.  Briefing shall be in accordance with Local Rule 7007-2.

7.      Motions *in Limine*.  The parties shall file their respective motions *in limine* within two hundred seventy (270) days of the Court's order regarding the Abstention Motion or ten (10) days before the scheduled trial date, whichever is later..  The parties shall file responses to motions *in limine* within two hundred seventy-seven (277) days of the Court's order regarding the Abstention Motion or five (5) days before the scheduled trial date, whichever is later.

8.      Pre-Trial Conference.  A final pre-trial conference in accordance with Local Rule 7016-2(a), which shall include a hearing on the parties' motions *in limine*, shall be scheduled for a date following the deadline for completing briefing on motions *in limine*.  The parties shall jointly contact chambers two (2) weeks in advance of the deadline to file pretrial briefs to request (i) the date to file the Joint Pretrial Order, (ii) the date for the Pre-Trial Conference, and (iii) dates for Trial.

60032183

9.      Modifications to this Schedule.  Deadlines contained in this Order may be modified by agreement of the parties without approval of the Court; provided, however, in the event a modification affects the Trial and Pre-Trial Conference, the parties shall immediately inform the Court and, if necessary, request that new hearing date(s) be set at the Court's convenience.

**Dated: April 16th, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

60032183

5