**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al.*,[1] | Case No. 25-12055 (BLS) |
| Debtors. | (Jointly Administered) |
| LUGANO DIAMONDS & JEWELRY INC. | |
| Plaintiff, | Adv. Proc. No. 26-50036 (BLS) |
| v. | **Ref. Docket Nos. 11, 12** |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
| Defendant. | |

**DEBTORS' OBJECTION TO TRAVELERS CASUALTY AND SURETY**
**COMPANY OF AMERICA'S MOTION FOR PERMISSIVE ABSTENTION**

The above-captioned debtors and debtors in possession (collectively, "Lugano") hereby submit this objection (the "Objection") to the motion for permissive abstention [Adv. Docket No. 11][2] (the "Abstention Motion") filed by Travelers Casualty and Surety Company of America ("Travelers").[3]  In support of the Objection, Lugano relies upon and incorporates by reference the *Declaration of J. Michael Issa in Support of Chapter 11 Petitions and First Day Motions*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows:  Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

[2]   References herein to "Adv. Docket" refer to the docket of the above-captioned adversary proceeding.  References herein to "Docket" refer to the docket in the jointly administered above-captioned main bankruptcy cases.

[3]   Lugano consents to the entry of final orders or judgments by the United States Bankruptcy Court for the District of Delaware (the "Court") if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

60048624

[Docket No. 2] (the "First Day Declaration").[4]  In further support of the Objection, Lugano respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Travelers asks the Court to abstain from adjudicating a live insurance coverage dispute that directly affects Lugano's ability to fund ongoing defense costs and manage estate exposure during these chapter 11 cases.  The Abstention Motion rests on an overbroad view of state-law predominance, an unduly narrow view of bankruptcy-relatedness, and an incorrect assertion that a California statute strips the Court of authority to resolve key issues or otherwise requires dismissal in favor of arbitration.  Notwithstanding the Abstention Motion and positions taken therein, Travelers also filed a motion for relief from the automatic stay in the main bankruptcy case, asking the Court for permission to make payments under the same insurance policy at issue here.

2. Putting aside the Stay Relief Motion (defined below) and focusing on the Abstention Motion, the relevant factors of a permissive abstention analysis weigh in favor of (i) denying the Abstention Motion and (ii) the Court exercising its authority to hear the claims Lugano asserts against Travelers in the complaint ("Complaint") filed in the above-captioned adversary proceeding (the "Adversary Proceeding").

3. Lugano sued Travelers because Travelers breached its contract and implied covenant of good faith and fair dealing by refusing to tender the full policy limits for defense and indemnity, to pay Lugano's defense counsel a reasonable rate, and to enter into a reasonable confidentiality protection agreement.

---

[4]   Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the First Day Declaration.

60048624

4.  The Adversary Proceeding seeks defense and indemnification with respect to numerous actions commenced by third parties against Lugano alleging losses attributable to wrongful acts committed by Lugano's former Chief Executive Officer, Mordechai Haim Ferder ("Ferder"). Third-party claims asserted against Lugano exceed $100 million—far in excess of the $3 million policy limit (the "Policy Limit"). Lugano also seeks extra-contractual damages flowing from Travelers' bad faith conduct, as well as other damages. Such damages could easily exceed the Policy Limit plus attorneys' fees for this litigation.

5.  The Court should deny the Abstention Motion primarily because there is no pending nonbankruptcy proceeding to take up Lugano's claims, and retaining jurisdiction will promote efficient estate administration, avoid piecemeal resolution, and allow coordinated management of coverage, deductibles/retentions, and defense obligations that materially impact these chapter 11 cases. In the alternative, if the Court finds that the sole issue of *Cumis* fees requires arbitration, Lugano would not object to the Court ordering the issue of *Cumis* fees to arbitration under the Court's supervision.

## FACTUAL BACKGROUND

6.  Travelers sold Lugano a "Wrap+" insurance policy (Policy No. 107710744, the "Policy") providing Lugano with Private Company Directors and Officers Liability insurance for the September 1, 2024, to September 1, 2025, period. The Policy Limit is for defense and indemnity in the aggregate. Under the Policy, Travelers will pay on behalf of:

- the Insured Persons, Loss for Wrongful Acts, except for Loss which the Insured Organization pays to or on behalf of the Insured Persons as indemnification;

- the Insured Organization, Loss for Wrongful Acts which the Insured organization pays to or on behalf of the Insured Persons as indemnification;

- the Insured Organization, Loss for Wrongful Acts, resulting from any Claim first made during the Policy Period, or if exercised during the Extended Reporting Period or Run-Off Extended Reporting Period; and

60048624

3

- the Insured Organization, certain investigation expenses.

7.      As a result of Ferder's alleged fraud, numerous claimants commenced actions against Lugano.  In addition, Lugano learned of a formal investigation by the Securities and Exchange Commission (the "SEC") arising from Ferder's wrongful acts.  Lugano hired *Cumis* counsel, at the direction of Travelers, to defend Lugano in the actions and in the SEC investigation.[5]

8.      On February 4, 2026, Lugano filed the Adversary Proceeding.  As of February 4, 2026, and as alleged in the Complaint, Travelers unreasonably handled Lugano's claims for defense and indemnity including by: only agreeing to pay unreasonably low rates for *Cumis* counsel; failing to provide any defense for the SEC investigation; refusing to treat the various proceedings against Lugano as related (thus requiring multiple deductibles); failing to pay any of *Cumis* counsel's fees incurred to date; and insisting that Lugano agree to a common interest agreement that would prejudice Lugano's rights and grant unprecedented rights to Travelers that are far from industry standard.

9.      Travelers answered the Complaint and filed the Abstention Motion on March 23, 2026, requesting that the Court abstain from the Adversary Proceeding pursuant to section 1334(c)(1) of the Judicial Code, 28 U.S.C. 1334(c)(1).  Travelers concedes there is no parallel nonbankruptcy proceeding and many of the permissive abstention factors are "neutral." Abstention Motion at 10–13.

---

[5]    "*Cumis* counsel refers to independent counsel provided to an insured by an insurer contesting coverage, but still providing a defense. (San Diego Federal Credit Union v. Cumis Ins. Society, Inc. (1984) 162 Cal.App.3d 358, 364 [208 Cal. Rptr. 494]; Civ. Code, § 2860." *Simmons v. Ghaderi*, 44 Cal. 4th 570, 575 (Cal. 2008).

60048624

10.     Despite filing the Abstention Motion, Travelers filed the *Motion for Relief from the Automatic Stay with Respect to Insurance Policy* [Docket No. 474] (the "Stay Relief Motion"), asking the Court for relief from the automatic stay to make payments under the Policy.

**ARGUMENT**

11.     Permissive abstention under 28 U.S.C. § 1334(c)(1) requires a fact intensive analysis left to the broad discretion of the Court. *In re Welded Constr., L.P.*, 609 B.R. 101, 112 (Bankr. D. Del. 2019) (noting that a bankruptcy court's evaluation of a motion for permissive abstention is not a mere mathematical exercise and the decision to abstain is left to the bankruptcy court's broad discretion).

12.     It is well settled that inquiries regarding permissive abstention "must be informed by the principle that 'federal courts have a virtually 'unflagging obligation . . . to exercise the jurisdiction given to them,' and may abstain only for a few 'extraordinary and narrow exceptions.'" *Id.* (quoting *Residential Fund. Co. v. UBS Real Estate Secs., Inc, (In re Residential Capital, LLC)*, 515 B.R. 52, 67 (Bankr. S.D.N.Y. 2014) (internal citations omitted)).

13.     Courts consider the following twelve (12) factors when determining a motion for permissive abstention:  (i) the effect or lack thereof on the efficient administration of the estate if the court abstains; (ii) the extent to which state law issues predominate over bankruptcy issues; (iii) the difficulty or unsettled nature of applicable state law; (iv) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (v) the jurisdictional basis, if any, other than section 1334; (vi) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (vii) the substance rather than the form of an asserted "core" proceeding; (viii) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (ix) the burden on the

60048624

5

bankruptcy court's docket; (x) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (xi) the existence of a right to a jury trial; and (xii) the presence of non-debtor parties. *Id.* (quoting *Fruit of the Loom, Inc. v. Magnetek, Inc. (In re Fruit of the Loom, Inc.)*, 407 B.R. 593, 599–600 (Bankr. D. Del. 2009).

14.    Of these, factors 1, 2, and 7 are afforded more weight than others. *Id.*; *see also In re Chisholm Oil & Gas Nominee, Inc*., 660 B.R. 593, 599 (Bankr. D. Del. 2024).

## I.    Retaining jurisdiction will materially aid efficient administration and avoid fragmentation (Factor 1).

15.    The question is practical case administration: whether adjudicating defense obligations, deductibles/retentions, and coverage for governmental investigations will affect liquidity, litigation strategy, and claim resolution timelines.  Coverage determinations and defense-cost funding directly influence estate cash flows and budgeting.  Centralized resolution here avoids inconsistent outcomes and delays associated with commencing a new proceeding against Travelers as well as those inherent in splitting *Cumis* issues to arbitration.

16.    *First*, the Adversary Proceeding relates to indemnification for claims relating to Ferder's wrongful conduct and for defense costs incurred in litigation and investigations relating to such conduct.  The litigation plaintiffs have now asserted their claims in the Court by filing proofs of claim, and Ferder likewise has filed a proof of claim against Lugano.  Efficient estate administration requires a single forum that can hear both the objections to the claims asserted against Lugano and the Adversary Proceeding by which Lugano seeks indemnity for those claims.

17.    *Second*, Travelers mistakenly asserts that the amount at issue here is only $300,000 in defense costs.  The Adversary Proceeding seeks a judgment that Travelers pay the $3 million Policy Limit plus extra-contractual damages—amounts that may have a material effect on the distribution to unsecured creditors.

60048624

6

18.    *Third*, it is simply inefficient to require Lugano to expend resources to commence a parallel process in a nonbankruptcy forum.

19.    The coordinated supervision the Court provides is uniquely suited to align timing with case milestones, claims administration, and any plan process.  Accordingly, this factor weighs heavily against abstention.

## II.    State law issues do not compel abstention as bankruptcy related insurance disputes are routinely resolved by the Court (Factors 2, 3, 6, 7, and 8).

20.    Insurance proceeds and defense obligations are critical estate assets and protections the Court routinely adjudicates.  A dispute regarding insurance policies and proceeds can be non-core yet closely related to a bankruptcy in a manner that counsels against abstention.  The facts of this case do not warrant abstention or the parties attempting to sever claims and engage in piecemeal litigation.

21.    As the *Penson Worldwide* Court held, adversary proceedings largely centered on state law claims do not automatically require abstention.  *See* 587 B.R. 6, 23 (Bankr. D. Del. 2018).  Moreover, the Court routinely applies state law from jurisdictions across the entire country.  Travelers acknowledges that this factor does not support abstention.

22.    The Adversary Proceeding seeks indemnity for claims asserted against Lugano related to Ferder's conduct.  The asserted claims are far in excess of the Policy Limit and may involve overlapping factual issues (e.g., Ferder's wrongful conduct).  Moreover, the Adversary Proceeding seeks to recover a significant amount of money—$3 million plus extra-contractual damages—for Lugano's estate that will inure to the benefit of Lugano's creditors.

23.    In an attempt to sidestep this incontrovertible fact, Travelers cites California Civil Code section 2860(c) for its argument that Travelers has a statutory right to have the dispute regarding *Cumis* rates and fees arbitrated.  Abstention Motion at ¶¶ 11–16.  "In some circumstances

60048624

7

amounting to a breach of the duty to defend, however, an insurer may forfeit its right to arbitrate under section 2860." *Wallis v. Centennial Ins. Co.*, 982 F.Supp.2d 1114, 1121 (E.D. Cal. 2013), *judgment amended*, 2014 U.S. Dist. LEXIS 22277 (E.D. Cal. February 20, 2014). Whether Travelers has waived its right can be determined at a later date if the Policy Limit is not otherwise reached.

24.     But even if the Court were to agree with Travelers regarding the arbitration of *Cumis* fees, the presence of an arbitrable sub-issue does not transform the entire controversy into a candidate for abstention; federal courts routinely compel or accommodate arbitration of discrete issues while retaining jurisdiction over non-arbitrable claims, particularly where unified oversight advances case administration. *See In re Pursuit Capital Management, LLC*, 595 B.R. 631, 670–72 (Bankr. D. Del. 2018) (authorizing arbitration for claims subject to arbitration, staying claims associated with the arbitrable claims, and moving forward with claims under the bankruptcy code).

25.     Here, the Court can preserve whatever arbitral right may exist without ceding control over coverage and deductible determinations that affect the estate. Indeed, Lugano would not object to the Court ordering the issue of *Cumis* fees to arbitration in connection with this Adversary Proceeding and under the Court's supervision while the balance of the issues proceeds before the Court.

26.     On balance, these factors do not favor abstention.

**III.     Because there is no pending state court action, abstention is improper (Factor 4).**

27.     Permissive abstention requires a parallel state court proceeding in favor of which a federal court may abstain. *In re Sportsman's Warehouse, Inc.*, 457 B.R. 372, 390 (Bankr. D. Del.

60048624

8

2011).[6] *See also Finova Capital Corp. v. Cote (In re Finova Capital Corp)*, 358 B.R. 113 (Bankr. D. Del.2006) ("Courts generally do not permissively abstain from hearing a case unless there is a pending state action in favor of which the federal court should abstain."). Here, there is no pending state court proceeding—the Abstention Motion should be denied for this reason alone.

**IV.     The remaining factors do not favor abstention.**

28.     Bankruptcy jurisdiction under 11 U.S.C. § 1334(b) is not the only basis for jurisdiction because there is also diversity jurisdiction (28 U.S.C. § 1332(a)).  Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); Complaint ¶¶ 7–8.  Accordingly, factor number five weighs against abstention.

29.     The Court will not be burdened by hearing the Adversary Proceeding.  Travelers suggests that it will be burdensome for the Court to determine the rates Travelers pays to *Cumis* counsel in California.  But any such burden will be minimal.  Given the size of the asserted claims covered by the Policy, it is quite likely that the indemnity obligations (other than defense costs above whatever rates Travelers requests) will exceed the Policy Limit.  Accordingly, the issue regarding *Cumis* counsel may become moot and no one will need to decide what the *Cumis* rates should be.  The Federal Rules of Civil Procedure permit Lugano to seek targeted discovery on this issue, further reducing any burden on the Court.  Factor number 9 weighs against abstention or, at best, is neutral.

30.     Filing an adversary proceeding integral to the administration of the bankruptcy case in the District and before the Court where the chapter 11 cases are pending is not forum shopping—

---

[6]     There is a split in authority within this District as to "whether the requirement of a pendant state court proceeding is an absolute requirement for permissive abstention."  *In re LTC Holdings, Inc.,* 587 B.R. 25, 41 (Bankr. D. Del. 2018).

60048624

it is the norm.  It is consistent with bankruptcy courts' broad jurisdiction to "deal efficiently and expeditiously with all matters connected with the bankruptcy estate" such as causes of action owned by a debtor.  *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225-226 (3d Cir. 2004). Factor 10 does not support abstention.

31.     Factors 11 and 12 are neutral and do not support abstention.  Travelers has not demanded a jury trial (and may have waived its right to do so) and despite Travelers being a non-debtor, Travelers is Lugano's insurer and is the only other non-debtor in the Adversary Proceeding.

[*Remainder of this page intentionally left blank*]

60048624

## CONCLUSION

WHEREFORE, Lugano respectfully requests that the Court deny the Abstention Motion

and grant to Lugano such other relief as is appropriate.

Dated: April 20, 2026
      Wilmington, Delaware

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

*/s/ Christopher M. Lambe*
Edmon L. Morton (Del. No. 3856)
Sean M. Beach (Del. No. 4070)
Shella Borovinskaya (Del. No. 6758)
Christopher M. Lambe (Del. No. 6846)
Brynna M. Gaffney (Del. No. 7402)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:   emorton@ycst.com
      sbeach@ycst.com
      sborovinskaya@ycst.com
      clambe@ycst.com
      bgaffney@ycst.com


-and-

**BROWN LAW APC**

Lester O. Brown (admitted *pro hac vice*)
1120 Forest Avenue 298
Pacific Grove, CA 93950
Telephone: (213) 716-0542
Email: lbrown@brownlawapc.com

*Attorneys for Plaintiff*
*LUGANO DIAMONDS & JEWELRY INC.*

60048624